PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MILLER, | ) | |
| | ) | CASE NO.  4:12cv2751 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MAHONING COUNTY JAIL, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Resolving ECF Nos. 1; 2; 3] |

Before the Court is *pro se* Plaintiff Michael Miller's civil rights Complaint filed against the Mahoning County Jail.  ECF No. 1.  Plaintiff alleges he was punished without due process and subjected to cruel and unusual punishment when he was incarcerated at the Mahoning County Jail on June 25, 2012.  ECF No. 1.  He seeks $20,000.00.  ECF No. 1-1.

## I. Background

The body of the Complaint consists of two conclusory paragraphs.  Plaintiff levels broad allegations of punishment without due process as well as claiming cruel and unusual punishment by the Defendant.  ECF No. 1.  He concludes the Complaint with a reference to Case No. 4:03cv2329, wherein a three judge panel ordered Mahoning County to improve the conditions of

confinement in its jail.[1] ECF No. 1.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

## III. Failure to State a Claim

A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Ashcroft v. Iqbal, 556 U.S. 662, 667-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. Bell Atl. Corp., 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned,

---

[1] The reference is to a Consent Judgment Entry filed in *Roberts et al v. County of Mahoning, Ohio, A Local Government Entity et al,* Case No. 4:03cv2329 (N.D. Ohio, filed Nov. 14, 2003)(Dowd, J.), a civil rights action filed by eight prisoners located in Mahoning County Jail. On May 17, 2007, a three-judge panel entered a Consent Judgment Entry "with a stipulated population order and retained jurisdiction over the Consent Entry for three years." *Id.* at ECF No. 292 at 1, referencing ECF No. 266 (*Batchelder, Dowd, Polster*). The Panel's jurisdiction expired on May 17, 2010 by the terms of the Consent Entry. *Id.* at ECF No. 292. A stipulated motion to extend the Consent Entry was denied on May 18, 2010. *Id.* at ECF No. 292 at 2.

"the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Morover, principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  A district court is not required to conjure up questions never squarely presented to it or to construct full blown claims from sentence fragments. *Id*.  To do so would "requir[e] . . . courts to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*.

In the instant case, Plaintiff's Complaint merely recites that the Defendant has unlawfully harmed him.  ECF No. 1.  Plaintiff has failed to meet the requisite standard.  *See Iqbal*, 556 U.S. at 678.  To the extent Plaintiff is attempting to invoke the Court's jurisdiction pursuant to the Consent Entry issued in the *Roberts* case, the Court is without jurisdiction as that agreement expired on May 17, 2010.  Moreover, the Panel expressly limited any jurisdiction beyond May 17, 2010 to the plaintiffs' motion for contempt against the County for violations of the Consent Entry that occurred during the time the Consent Entry was in effect.  *See Roberts,* Case No. 4:03cv2329 (ECF No. 292 at 2).  Notably, the Consent Entry was not in effect in June, 2012, the date of Plaintiff's incarceration.  ECF No. 1.

### IV.  Conclusion

Based on the foregoing, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted (ECF No. 2), the Motion to Proceed is denied (ECF No. 3) and the Complaint is dismissed pursuant to

3

28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]


      IT IS SO ORDERED.


    June 28, 2013                        /s/ Benita Y. Pearson
           Date                          Benita Y. Pearson
                                   United States District Judge

---

[2] 28 U.S.C. § 1915(a)(3) provides, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

4